**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 2 8 2015

JAMES W. McCORMACK, CLERK
By: _____
DLP CLERK

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

ANCE CHESTER MARTIN SR.                                    **PLAINTIFF**

V.                      CASE NO. 4:15CV246 - KGB

**VANDERBILT MORTGAGE AND FINANCE, INC**                 **DEFENDANT**

## COMPLAINT

Comes now the Plaintiff, Ance "Chester" Martin Sr. (hereinafter "Martin"), by and through

his counsel, Leigh Law PLLC, and for his Complaint against the Defendant, Vanderbilt Mortgage

and Finance, INC (hereinafter "Vanderbilt"), and states:

## INTRODUCTION

This action arises out of the facts and circumstances surrounding a material breach of

contract by Vanderbilt, which was entered into on May 12, 2014; and, Vanderbilt's illegal

reporting to the credit bureaus.

Martin brings this action seeking statutory, actual, and punitive damages, as well as his

attorney's fees and costs for this litigation, for violations of the *Fair Credit Reporting Act*

*("FCRA") 15 U.S.C. § 1681 et. seq.,* the *Arkansas Deceptive Trade Practices Act ("ADTPA"),*

*Ark. Code Ann § 4-88-101 through 4-88-115*; *Racketeer Influenced and Corrupt Organizations*

*Act ("RICO"), 18 U.S.C. § 1961 et seq.,* fraud and breach of contract.

## JURISDICTION AND VENUE

Jurisdiction is conferred on this Court pursuant to *28 U.S.C. § 1331, FCRA, 15 U.S.C.*

*§ 1681p; RICO, 18 U.S.C. §§ 1964(c), 1965(a),* and as Plaintiff's state claims are related to

Plaintiff's federal claims, and Plaintiff's state claims are inextricably entwined and arise out of a

common nucleus of related facts, form part of the same controversy under Article III of the United

This case assigned to District Judge ___BAKER___
and to Magistrate Judge ___DEERE___

States Constitution, are not complex or novel and are straightforward, this Court has supplemental jurisdiction to hear and adjudicate Plaintiff's state claims against Vanderbilt pursuant to *28 U.S.C. § 1367.*

Venue is proper as all alleged conduct took place while the Plaintiff was residing in North Little Rock, Arkansas, and while the Defendant was conducting business in North Little Rock, Arkansas.

## **PARTIES**

1.      Martin is a natural person[1] and an individual consumer[2] that resides at 6604 Medford Lane, North Little Rock, Arkansas, 72117.

2.      Vanderbilt is a foreign, for profit corporation, licensed to conduct business in the state of Arkansas,[3] and is a furnisher of information to "consumer reporting agencies"[4] that compiles and maintains files on consumers on a nationwide basis;[5] as such, Vanderbilt is a person or entity subject to Section 623 of the *FCRA, 15 U.S.C. § 1681s-2*, which imposes a series of duties

---

[1] The term "person" as used in this Complaint means an individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity. *FCRA, 15 U.S.C. § 1681a(b).*

[2] The term "consumer" as used in this Complaint means an individual. *FCRA, 15 U.S.C. § 1681a(c)*

[3] Vanderbilt has been licensed by the Arkansas Secretary of State, since 1994, with a filing number of 100115253.

[4] The term "consumer reporting agency" as used in this Complaint means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports. *FCRA 15 U.S.C. § 1681a(f).*

[5] The term "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as used in this Complaint means a consumer reporting agency that regularly engages in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide: (1) Public record information. (2) Credit account information from persons who furnish that information regularly and in the ordinary course of business. *FCRA, 15 U.S.C. § 1681a(p).*

and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

## **RELEVANT STATUTORY STRUCTURE OF THE FCRA**

3.     When a consumer disputes a debt directly with a Credit Reporting Agency (hereinafter "CRA") the CRA must within thirty (30) days "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, incomplete, or cannot be verified." *FCRA 15 U.S.C. § 1681i(a)(1)(A).*

4.     When a furnisher of information is contacted as part of this reinvestigation process, it is *obligated* to conduct an investigation with respect to the disputed information and report the results to the CRA. *FCRA, 15 U.S.C. § 1681s-2(b).*

5.     The FCRA prohibits information furnishers from providing information to a CRA that they know or have reasonable cause to believe is inaccurate. *FCRA, 15 U.S.C. § 623(a)(2).*

6.     If a consumer notifies a furnisher that information is inaccurate, and the information is, in fact, inaccurate, the furnisher must thereafter report the correct information to the CRA. *FCRA 15 U.S.C. § 623(a)(1)(B).*

7.     If a consumer notifies a furnisher that the consumer disputes the completeness or accuracy of any information reported by the furnisher, the furnisher may not subsequently report that information to a CRA without providing notice of the dispute. *FCRA 15 U.S.C. § 623 (a)(3).*

8.     Furnishers must comply with federal regulations that identify when an information furnisher must investigate a dispute made directly to the furnisher by a consumer.  Under these regulations, furnishers, must complete an investigation within thirty (30) days unless the dispute is frivolous or irrelevant or comes from a "credit repair organization." *FCRA 15 U.S.C. § 623(a)(8).*

9.     If a CRA notifies a furnisher that a consumer disputes the completeness or accuracy of

information provided by the furnisher, the furnisher has a duty to follow certain procedures.  The

furnisher must:

- • Conduct an investigation and review all relevant information provided by the CRA, including information given to the CRA by the consumer.  *FCRA, 15 U.S.C. §§ 623(b)(1)(A), (b)(1)(B);*

- • Report the results to the CRA that referred the dispute, and, if the investigation establishes that the information was, in fact, incomplete or inaccurate, report the results to all CRAs to which the furnisher provided the information that compile and maintain files on a nationwide basis.  *FCRA, 15 U.S.C. §§ 623(b)(1)(C), (b)(1)(D);*

- • Complete the above steps within thirty (30) days from the date the CRA receives the dispute (or forty-five (45) days, if the consumer later provides relevant additional information to the CRA).  *FCRA 15 U.S.C. § 623(b)(2);* and,

- • Promptly modify or delete the information, or block its reporting.  *FCRA 15 U.S.C. § 623(b)(1)(E).*

10.    Financial institutions which furnish information to nationwide consumer reporting

agencies, must notify consumers in writing if those institutions may furnish or have furnished

negative information to a CRA.  *FCRA 15 U.S.C. § 623(a)(7).*

11.    Under the FCRA, if the completeness or accuracy of any item of information contained

in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer

notifies the agency directly the agency **shall conduct** [emphasis added] a reasonable

reinvestigation to determine whether the disputed information is inaccurate, or delete the item from

the file.  *FCRA 15 U.S.C. § 1681i(a)(1)(A).*

12.    Under the FCRA, a consumer reporting agency may terminate a reinvestigation of

information disputed by a consumer if the agency reasonably determines that the dispute by the

consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide

sufficient information.  *FCRA 15 U.S.C. § 1681i(a)(3)(A).*

13.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

> (1) Any actual damages sustained by the consumer as a result of the failure; and
>
> (2) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.
>
> *FCRA 15 U.S.C. § 1681o(a)*

14.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

> (1) Any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00;
>
> (2) Such amount of punitive damages as the court may allow; and,
>
> (3) In the case any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.
>
> *FCRA 15 U.S.C. § 1681n(a)*

15.     Individual consumers may sue for willful or negligent failure to comply with the investigation requirements. McIvor v. Credit Control Services, Inc., No. 14-1164 (8th Cir. Dec. 4, 2014).

## RELEVANT STATUTORY STRUCTURE OF THE ADTPA

16.     Plaintiff incorporates by reference and re-alleges paragraphs (1) through (15).

17.     Engaging in any unconscionable, false or deceptive act or practice in business, commerce or trade violates the Arkansas Deceptive Trade Practices Act.  *A.C.A. § 4-88-107(a)(10).*

18.     Any person who suffers actual damage or injury as a result of an offense or violation under the ADTPA, has a cause of action to recover actual damages, if appropriate, and reasonable attorney's fees.  *A.C.A. § 4-88-113(f).*

19.     Under the ADTPA, an "Elder Person" means a person who is sixty (60) years of age or older.  *A.C.A. § 4-88-201(a).*

20.     Under the ADTPA, an Elder Person who suffers damage or injury as a result of an offense or violation described in this chapter has a cause of action to recover actual damages, punitive damages, if appropriate, and reasonable attorney's fees.  *A.C.A. § 4-88-204.*

## FACTS COMMON TO ALL COUNTS

21.     Plaintiff incorporates by reference and re-alleges paragraphs (1) through (20).

22.     Around 1999 Martin and Vanderbilt entered into a written contract.

23.     On the date of May 12, 2014, Martin and Vanderbilt entered into a second written contract (hereinafter "agreement") (*See, Exhibit "A" attached hereto and incorporated by reference*) that amended the terms of the original contract.[6]

24.     A stipulation of the second written agreement was that Vanderbilt would accept from Martin a one time, lump sum payment of $5000.00 (five-thousand dollars 00/100); in return, Vanderbilt agreed the payment would fully satisfy the debt, with any remaining deficiency balance waived, and that Vanderbilt would notify the three major credit reporting agencies to remove the account completely from his credit reports.

25.     Martin made his $5000.00 (five-thousand dollar 00/100) payment on May 13, 2014 (*See, Exhibit "B" attached hereto and incorporated by reference*).

---

[6] Vanderbilt signed the contract on May 12, 2014 and Martin signed on May 13, 2014.

26. Martin was represented by Leigh Law, PLLC, which brokered the agreement

27. between the two parties.

28. Throughout the next several months after the Agreement was signed, Martin checked his credit reports online and noticed Vanderbilt did not remove the account as agreed.

29. Each time Martin realized the Vanderbilt account was still on his reports, it caused Martin anxiety, stress, anger, mental pain, frustration and nervousness.

30. During the months of September and October 2014, Martin tried to purchase a new car by applying for credit.

31. Martin was denied credit, in part to the Vanderbilt account which remained on his credit reports (*See, Exhibits "C" "D" and "E" attached hereto and incorporated by reference*).

32. On the date of October 17, 2014, Leigh Law PLLC, representing Martin, a consumer, faxed and mailed a letter to Vanderbilt, with a copy of the signed settlement agreement and check which Vanderbilt cashed, and notified Vanderbilt the account was still on Martin's credit reports and demanded Vanderbilt honor its agreement with Martin (*See, Exhibit "F" attached hereto and incorporated by reference*).

33. On the date of October 22, 2014, Vanderbilt acknowledge receipt of Martin's dispute and stated it was not required to respond.

34. After receiving Vanderbilt's refusal to respond to Martin's dispute, Martin suffered extreme anger, fear, stress, mental pain, mental anguish, and nervousness.

35. Martin is over the age of sixty (60).

36. On the date of November 25, 2014, Martin sent a dispute directly to Transunion, Experian, and Equifax, demanding a reinvestigation and requested assistance in getting Vanderbilt

to honor its Agreement *(See, exhibits "G" "H" and "I" attached hereto and incorporated by reference).*[7]

37.     On the date of November 25, 2014, Martin sent a copy of the letters he sent directly to the credit reporting agencies to Vanderbilt *(See, Exhibit "J" attached hereto and incorporated by reference).*

38.     On the date of March 28, 2014, Equifax and Vanderbilt signed for the letters Martin sent *(See, Exhibit "K" attached hereto and incorporated by reference).*

39.     On the date of December 1, 2014, Experian signed for the letter Martin sent *(See, Exhibit "L" attached hereto and incorporated by reference).*

40.     On the date of December 8, 2014, Transunion signed for the letter Martin sent *(See, Exhibit "M" attached hereto and incorporated by reference).*

41.     On the date of December 2, 2014, Martin ordered his credit report and Vanderbilt was still reporting its account in an adverse manner *(See, Exhibit "N" attached hereto and incorporated by reference).*

42.     On the date of December 11, 2014, Martin ordered his credit report and Vanderbilt was still reporting its account, and in an adverse manner *(See, Exhibit "O" attached hereto and incorporated by reference).*

43.     On the date of December 1, 2014, Vanderbilt acknowledged it received the disputes that Martin had filed *directly with the credit reporting agencies*, and advised Martin it was substantially the same dispute as he had previously filed and they [Vanderbilt] were refusing to respond to Martin's dispute *(See, Exhibit "P" attached hereto and incorporated by reference).*

---

[7] The duties of Vanderbilt as a furnisher of credit information under *15 U.S.C. § 1681s-2(b)* were triggered by notice that its information was being disputed from the credit reporting agencies. *See, § 1681i(a)(2).*

44.     After Martin received the December 1, 2014, notice that Vanderbilt was refusing to respond to his dispute, a second time, Martin became sick, nervous, and suffered from extreme anxiety and mental pain and anguish.

45.     Martin's wife of fifty-three (53) years witnessed Martin's reaction to Vanderbilt's illegal reporting to his credit reports.

46.     Martin continues to check his credit reports and Vanderbilt continues to refuse to remove its negative account.

47.     Martin continues to be unable to finance a car with favorable terms, due to Vanderbilt's account being on his credit report.

48.     Martin continues to suffer from anxiety and mental pain when he thinks about his credit report or attempts to buy something using his credit.

49.     Martin stopped trying to use credit due to the anxiety caused him by Vanderbilt's reporting.

50.     On the date of March 30, 2015, Martin obtained his credit reports.

51.     As of March 30, 2015, Vanderbilt continues to report its account, in a negative manner, to Martin's credit reports *(See, Exhibits "Q" "R" and "S" attached hereto and incorporated by reference)*.

52.     Martin has incurred attorney's fees and costs to bring an action against Vanderbilt in the U.S. District Court.

53.     Martin fulfilled his obligations to Vanderbilt; Vanderbilt cashed Martin's check and refuses to honor its obligations to Martin.

## COUNT 1: VIOLATIONS OF THE FCRA

54.     Plaintiff incorporates by reference and re-alleges paragraphs (1) through (53).

55. After being notified by the CRA's of Martin's disputes, Vanderbilt, a furnisher of information to one or more consumer CRA's, failed to meet its statutory obligation to conduct a reasonable investigation to determine whether the disputed information was inaccurate, incomplete, or could not be verified.[8] As such, Vanderbilt violated the *FCRA, 15 U.S.C. § 1681i(a)(1)(A)* & *FCRA, 15 U.S.C. § 1681s-2(b).*

56. Vanderbilt failed to find that the information disputed directly to the CRA's by Marin was inaccurate and/or incomplete. As such, Vanderbilt violated the *FCRA 15 U.S.C. § 1681s-2(b)(1)(E).*

57. Vanderbilt failed to modify the disputed item which was disputed by Martin directly to the CRA. As such, Vanderbilt violated the *FCRA 15 U.S.C. § 1681s-2(b)(1)(E)(i).*

58. Vanderbilt failed to delete the disputed item/account from Martin's credit report which Martin disputed directly to the CRA. As such, Vanderbilt violated the *FCRA, 15 U.S.C. § 1681s-2(b)(1)(E)(ii).*

59. Vanderbilt failed to permanently block the disputed item/account from Martin's credit report which he disputed directly to the CRA. As such, Vanderbilt the *FCRA, 15 U.S.C. § 1681s-2(b)(1)(E)(iii).*

60. Vanderbilt failed to review all relevant information provided by the CRA's, as it related to Martin's dispute which he filed directly with the CRA. As such, Vanderbilt violated the *FCRA, 15 U.S.C. §§ 1681i(a)(2), 1681s-2(b)(1)(B).*

61. Vanderbilt failed to comply with the investigation requirements outlined in the FCRA upon Martin's direct dispute with the CRA's triggering such requirements on the part of Vanderbilt.

---

[8] The duties of a CRA, as a furnisher of credit information under 15 U.S.C. § 1681s-2(b) are triggered by notice that its information is being disputed by a CRA. Anderson v. EMC Mortg. Corp., 631 F.3d 905 (8th Cir. 2011).

62.     Vanderbilt was willfully noncompliant with the FCRA as shown by Vanderbilt's repeatedly ignoring direct notices of Martin's disputes by the CRA, Martin, and his attorney.[9]

63.     Vanderbilt's refusal to honor its agreement with Martin and to continue to knowingly, intentionally, willfully and maliciously injure Martin's credit worthiness subject Vanderbilt to punitive damages under the FCRA.

## COUNT 2: VIOLATIONS OF THE ADTPA

64.     Plaintiff incorporates by reference and re-alleges paragraphs (1) through (63).

65.     The conduct of Vanderbilt is unconscionable, and/or are deceptive act(s) or practice(s) in business, specifically:

(a)  agreeing to remove Martin's account from his credit reports upon Martin's $5000.00 payment to Vanderbilt and then refusing to remove the account upon Martin's payment to Vanderbilt;

(b)  refusing to even investigate Martin's dispute when directly contacted by Martin;

(c)  refusing to investigate Martin's dispute when directly contacted by Martin's attorney and being provided a copy of Vanderbilt's signed Agreement that which states it would remove Martin's account from his credit reports;

(d)  refusing to investigate Martin's dispute when directly contacted by the CRA on behalf of Martin;

(e)  not only continuing to report Martin's account to his credit reports, but reporting them a negative manner where they did even more harm to Martin's credit worthiness; and,

(f)  continuing the complained of behavior in this Complaint as of the date of filing this Complaint.

---

[9] Individual consumers may sue for willful or negligent failure to comply with the investigation requirements outlined in the FCRA. McIvor v. Credit Control Services, INC., No. 14-1164 (8th Cir. Dec. 4, 2014).

## COUNT 3: FRAUD

66.    Plaintiff incorporates by reference and re-alleges paragraphs (1) through (65).

67.    The conduct of the Vanderbilt, as complained of in the preceding paragraphs, makes Vanderbilt of fraud.

68.    The material fact that Vanderbilt would notify the CRA to remove its account from Martin's credit report was falsely represented to Martin by Vanderbilt.

69.    Vanderbilt knew that Martin's creditworthiness was important to Martin.

70.    Vanderbilt intended for Martin to rely on its promise that if Martin paid to Vanderbilt they would take the steps to have the account removed from Martin's credit reports.

71.    Martin did rely on Vanderbilt's promise and Agreement, and suffered actual damages as a result of the conduct of Vanderbilt.

## COUNT 3: VIOLATIONS OF RICO

72.    Plaintiff incorporates by reference and re-alleges paragraphs (1) through (71).

73.    Vanderbilt violated the civil RICO Act, specifically, *18 U.S.C. § 1692(c)*, as Vanderbilt operates and manages a banking and financial enterprise, which enterprise carried out a pattern of racketeering and conspiracy against Martin,[10] and then committed actual fraud against Martin with a continuous series of racketeering activity using the credit reporting system, a system which it had custody and control over which information would be transmitted to Martin's credit reports, to intentionally and willfully damage and destroy Martin's credit.

---

[10] A pattern of racketeering is expressly defined to mean only two (2) RICO "predicated acts" during any given 10 year period. *18 U.S.C. § 1961(5).*

## COUNT 4: BREACH OF CONTRACT[11]

74.    Plaintiff incorporates by reference and re-alleges paragraphs (1) through (73).

75.    Martin and Vanderbilt entered into a written contract.

76.   Part of the contract required Vanderbilt to have Martin's Vanderbilt account removed

from Martin's credit reports, after Martin tendered to Vanderbilt $5000.00 (five-thousand 00/100).

77.    Martin, tendered payment to Vanderbilt in the amount of $5000.00.

78.    After Martin tendered payment of $5000.00 to Vanderbilt, Vanderbilt refused to

have Martin's account removed from his credit reports.

79.    The conduct of Vanderbilt is a material breach of the contract.

## DAMAGES AND PRAYER FOR RELIEF

80.    Plaintiff incorporates by reference and re-alleges paragraphs (1) through (79).

81.    Statutory damages under the FCRA for willful noncompliance of $1,000.00 (one-

thousand dollars 00/100) for each month Vanderbilt illegally reported its account to Martin's

Experian consumer credit report,[12] for a total statutory amount at the time of the filing of this

Complaint of $11,000.00 (eleven-thousand dollars 00/100).

82.    Statutory damages under the FCRA for willful noncompliance of $1,000.00 (one-

thousand dollars 00/100) for each month Vanderbilt illegally reported its account to Martin's

Transunion consumer credit report, for a total statutory amount at the time of the filing of this

Complaint of $11,000.00 (eleven-thousand dollars 00/100).

---

[11] The essential elements of a contract are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. Barnes, 349 Ark. 411, 78 S.W. 3d 714; Showmethemoney, 342 Ark. 112, 27, S.W.3d 361; Foundation Telecom, Inc. v. Moe Studio Inc., 341 Ark. 231, 16 S.W.3d 531(2000).

[12] Martin alleges each month of illegal reporting constitutes a separate and actionable offense.

83.     Statutory damages under the FCRA for willful noncompliance of $1,000.00 (one-thousand dollars 00/100) for each month Vanderbilt illegally reported its account to Martin's Equifax consumer credit report, for a total statutory amount at the time of the filing of this Complaint of $11,000.00 (eleven-thousand dollars 00/100).

84.     Statutory damages under the FCRA of $3,000.00 per month for each month Vanderbilt continues to report its account to Martin's three credit reports after the filing of this Complaint.

85.     Actual damages of $5,000.00 (five-thousand 00/100) under the FCRA for breach of contract.[13]

86.     The actual damage of mental pain, nervousness, and anxiety, in the amount of $250,000.00 (two-hundred fifty thousand dollars and 00/100).[14]

87.     Punitive damages for willful noncompliance under the FCRA and ADTPA, in the amount of $1,000,000.00 (one-million dollars and 00/100), with the aggravating factors that Martin is an "elder person" and the element of fraud.

88.     The costs of this action together with reasonable attorney's fees as determined by the court, pursuant to the *FCRA 15 U.S.C. § 1681n(a)(3)*.

89.     Attorney fees pursuant to the ADTPA.

90.     Attorney fees pursuant to RICO.

91.     Attorney fees and costs pursuant to *2010 Arkansas Code § 16-22-308.*[15]

---

[13] This is the amount Martin paid to Vanderbilt on or about May 15, 2014.

[14] Mental pain and anxiety can constitute actual damages. Millstone v. O'Hanlon Reports, Inc., 528 F.2d 829, 834-35 (8th Cir. 1976).

[15] "In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase of sale of goods, wares, or merchandise, or for labor or services, *or breach of contract*, unless otherwise provided by law or the contract which is the subject matter of the

92.     All damages trebled, pursuant to RICO, due to the element of fraud.[16]

93.     All other damages that Martin may be entitled.

## DEMAND FOR JURY TRIAL

94.     Plaintiff incorporates by reference and re-alleges (1) through (93).

95.     Plaintiff demands trial by jury.

Respectfully Submitted:

Victoria Leigh (2011257)
Attorney for the Plaintiff
P.O. Box 21514
Little Rock, AR 72221
(501) 227-7627
(501) 227-7628 (f)
V@leigh-law.com

---

action, the prevailing party may be allowed a reasonable attorney's fees to be assessed by the court.  *A.C.A. § 16-22-308.*

[16] "[A]ny person injured in his business or property by reason of a violation of section 1962… may sue therefor in any appropriate United States District Court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." RICO, 18 U.S.C. § 1964(c)(1983).

The provision for treble damages is accordingly justified by the expected benefit of suppressing racketeering activity, an object pursued the sooner the better.  Rotella v. Wood et. al., 528 U.S. 549 (2000).

"A civil RICO Plaintiff need not allege any prior criminal conviction and may establish a case by preponderance of the evidence." Farmers Bank v. Bell Mortgage Corp., 452 F. Supp. 1278, 1280 (D. Del. 1978); Heinold Commodities Inc. v. McCarty, 513 F. Supp. 311, 313 (N.D. Ill. 1979).

# SETTLEMENT AGREEMENT AND RELEASE

This settlement agreement ("Agreement") is entered into as of this 12th day of May , 2014 by Ance C Martin Sr. and Vanderbilt Mortgage and Finance, Inc (Lender).

The parties have elected to resolve any dispute that may exist regarding the Contract following the terms of this Agreement. It is hereby acknowledged by all parties that which consideration is paid to reach an amicable resolution without admission of liability to the Buyer of any sort, all such liability being expressly denied.

For and in consideration of the total sum of Five Thousand Dollars ($5,000.00) paid by May 25,2014, and mutual covenants and agreements contained herein, the parties hereby agree as follows:

1. Lender will accept the above amount in full satisfaction of the debt owing in the amount of $ 46,902.00 and agree to waive any remaining deficiency balance.

2. Lender may be required to report the amount of debt cancelled or forgiven as a result of this agreement to the IRS through a 1099-C form.

The undersigned, jointly and severally, do hereby forever release with prejudice, discharge and agree to indemnify, defend and hold, Vanderbilt Mortgage and Finance, Inc., and their respective directors, officers, employees, agents, subsidiaries, affiliates, successors, assigns and insurance carriers, harmless from any and all claims, liability, damages and expenses whatsoever, whether now existing or hereafter arising.

*Vanderbilt agrees to submit a "NUDF" to Remove this Reporting in full from his credit Report on all 3 bureaus.*

5/12/14
Date                              X *Ance Martin Sr. Jr.*
                                     Ance C Martin  Sr.

_____
Date                              X_____

5-12-2014
Date                              Vanderbilt Mortgage and Finance, Inc.

Copy: 04436630


EXHIBIT A

 **usbank**

**CASHIER'S CHECK**   No. 8964504243

93-38
929

DATE:   MAY 13, 2014

PAY   FIVE THOUSAND DOLLARS AND 00 CENTS

$  5,000.00

TO THE
ORDER OF:   **VANDERBILT**

PURPOSE/REMITTER: ANCE CHESTER MARTIN

Location:   8964 Levy

U.S. Bank National Association
Minneapolis, MN 55480

AUTHORIZED SIGNATURE

⑈8964504243⑈ ⑆092900383⑈ 150080235255⑈


EXHIBIT B

## Dear Chester,

Thank you for your recent application for the extension of credit through NORTH POINT FORD LINCOLN (ASBURY-AR). We regret that we are unable to approve the terms of your credit request. We have informed NORTH POINT FORD LINCOLN (ASBURY-AR) of the additional or different terms necessary for us to extend credit to you. Please contact NORTH POINT FORD LINCOLN (ASBURY-AR) regarding the specifics of our counter offer.

Your application was processed by a credit scoring system that assigns a numerical value to the various items of information we consider in evaluating an application. These numerical values are based upon the results of analyses of repayment histories of large numbers of customers.

The information you provided in your application did not score a sufficient number of points for approval of the application. The reasons you did not score well compared with other applicants were:

Auto Trade Balance is too high
Insufficient bankcard trade experience
Too many open revolving trades
Total amount past due or collection amount is too high
In evaluating your application the consumer reporting agency listed below provided us with information that in whole or in part influenced our decision. The consumer reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. It can be obtained by contacting:
Experian, P.O. Box 2002 Allen, TX 75013, and (888) 397-3742

You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

We also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your credit report. Your credit score can change, depending on how the information in your credit report changes.



If you have any questions regarding this letter, you should contact us at:
Santander Consumer USA Inc. | P.O. Box 961245 Fort Worth, TX 76161-1245
Telephone: 866-402-1938

Sincerely,
Santander Consumer USA Inc.

Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission. 600 Pennsylvania Ave. NW, Washington. DC 20580.





P.O. Box 183621
Arlington, Texas 76096-3621

October 12, 2014
Reference: 900383720

+ 0516297 000068090 09AMA2 00086807
CHESTER MARTIN
6604 MEDFORD LN
NORTH LITTLE ROCK AR 72117-3671



Dear CHESTER MARTIN,

Your application for credit was forwarded to us by NORTH POINT FORD LINCOLN. After careful review, we are sorry to advise you that we cannot approve your application at this time. If you would like a statement of specific reasons why your application was denied, please contact us as shown below within 60 days of the date of this letter. We will provide you with the statement of reasons within 30 days after receiving your request.

If we obtained information from a consumer reporting agency as part of our consideration of your application, its name, address, and toll-free telephone number is shown below. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. You have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you received is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency. You can find out about the information contained in your file (if one was used) by contacting:

TRANS UNION
CONSUMER RELATIONS
2 Baldwin Place
PO BOX 1000
CHESTER, PA 19022
800-888-4213

We also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your consumer report. Your credit score can change, depending on how the information in your consumer report changes.

Your credit score: 700
Date: 09/23/2014
Scores range from a low of 250 to a high of 900.
Key factors provided by the consumer reporting agency that adversely affected your credit score:
038 - Serious delinquency, and public record or collection filed
020 - Length of time since derogatory public record or collection is too short
010 - Proportion of balances to credit limits is too high on bank revolving or other revolving accounts
005 - Too many accounts with balances
Inquiries did impact score and no derogatory information found in the file


EXHIBIT D

031333

**Wells Fargo Dealer Services**



WELLS
FARGO

10/03/14

007834  L2TDS376


**CHESTER   MARTIN**
**6604 MEDFORD LN**
**NORTH LITTLE ROCK, AR   72117**

Application Number:  588-211937323

Dear CHESTER  MARTIN:

Thank you for your recent loan application which was submitted to Wells Fargo
Dealer Services on your behalf by NORTH POINT FORD LINC MER.  After careful
consideration, we regret to inform you that we cannot extend credit
to you as requested at this time because of the following reason(s):

    **AGE OF DELINQUENT PAST OR PRESENT CREDIT EXPERIENCE**
    **EXCESSIVE DELINQUENT PAST OR PRESENT CREDIT EXPERIENCE**
    **EXCESSIVE NUMBER OF FINANCE INSTALLMENT ACCOUNTS**
    **EXCESSIVE DEBT UTILIZATION**

Disclosure of use of information obtained from an outside source:

Our credit decision was based in whole or in part on information obtained in a
report from the consumer reporting agency listed below.  You have a right under the
Fair Credit Reporting Act to know the information contained in your credit file at
the consumer reporting agency.  The reporting agency played no part in our decision
and is unable to supply specific reasons why we have denied credit to you.  You
also have a right to a free copy of your report from the reporting agency, if you
request it no later than 60 days after you receive this notice.  In addition, if
you find that any information contained in the report you receive is inaccurate or
incomplete, you have the right to dispute the matter with the reporting agency.

    **TRANS UNION**
    **2 Baldwin Place**
    **P. O. Box 2000, Chester, PA   19022**
    **Phone:  1-800-888-4213**
    **www.transunion.com/direct**

Our decision was based in whole or in part on a credit score.

007834 27608122S023 NNNNN NNNNN NNNNNNNN 000001

L2TDS376

Page 1 of 3

Wells Fargo Dealer Services is a division of Wells Fargo Bank, N.A. Member FDIC and Equal Credit Opportunity Lender.
0000 001025 (Rev 02)


EXHIBIT E



# LEIGH LAW

A Professional Limited Liability Company

## ROARING TO THE RESCUE

**VICTORIA LEIGH, ATTORNEY**
ROAR@leigh-law.com

**501.227.ROAR (7627)**
**501.227.7628 (fax)**

October 17, 2014

Rebecca Toomire
Recovery Department                    *sent via fax 865.380.3750 and regular US Mails*
VANDERBILT
Post Office Box 9800
Maryville, TX 37802

   **RE:  Ance C. Martin, account number 443663**

Ms. Toomire:

Enclosed please find the settlement agreement that was submitted with the check when we settled Mr. Martin's account.  The settlement agreement indicates Vanderbilt will remove the debt from Mr. Martin's credit report from all three bureaus.  The debt is still on his credit report.

Please have the Vanderbilt debt removed from Mr. Martin's credit report within 30 days.  If it is not, further legal action may be taken.

If you have any questions, please don't hesitate to contact the office.

Thank you,

Victoria Leigh

Encl:  Settlement Agreement

cc:  Chester Martin

**Post Office Box 21514 Little Rock, Arkansas 72221**


EXHIBIT E

waived, and that Vanderbilt would notify the three major credit reporting agencies to remove the account completely from his credit reports.

26.     Martin made his $5000.00 (five-thousand dollar 00/100) payment on May 13, 2014 *(See, Exhibit "B" attached hereto and incorporated by reference).*

27.     Martin was represented by Leigh Law, PLLC, which brokered the agreement between the two parties.

28.     Throughout the next several months after the agreement was signed, Martin checked his credit reports online and noticed Vanderbilt did not remove the account as agreed.

29.     Each time Martin realized the Vanderbilt account was still on his reports, it caused Martin anxiety, stress, anger, mental pain, frustration and nervousness.

30.     During the months of September and October 2014, Martin tried to purchase a new car by applying for credit.

31.     Martin was denied credit, in part to the Vanderbilt account that remained on his credit reports *(See, Exhibits "C" "D" and "E" attached hereto and incorporated by reference).*

32.     On the date of October 17, 2014, Leigh Law PLLC, representing Martin, a consumer, faxed and mailed a letter to Vanderbilt, with a copy of the signed settlement agreement and check which Vanderbilt cashed, and notified Vanderbilt the account was still on Martin's credit reports and demanded Vanderbilt honor its agreement with Martin *(See, Exhibit "F" attached hereto and incorporated by reference).*

33.     On the date of October 22, 2014, Vanderbilt acknowledge receipt of Martin's dispute and stated it was not required to respond.

34.     After receiving Vanderbilt's refusal to even respond to Martin's dispute, Martin suffered extreme anger, fear, stress, mental pain, mental anguish, and nervousness.



November 20, 2014

Ance "Chester" Martin
6604 Medford Lane
North Little Rock, AR 72117
Social Security # 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
DOB 5-5-39

Transunion Consumer Solutions
P.O. Box 2000
Chester, PA 19022-2200

RE: Dispute, Vanderbilt Mortgage

Dear Transunion:

I paid this account in full per an agreement with Vanderbilt Mortgage, and Vanderbilt was supposed to take this off my credit report. Please make them take this off my credit report because I am having a lot of problems getting credit with this on there.

Thank You,


Ance Martin

EXHIBIT 6



November 20, 2014

Ance "Chester" Martin
6604 Medford Lane
North Little Rock, AR 72117
Social Security # 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
DOB 5-5-39

Equifax Information Service LLC
P.O. Box 740256
Atlanta, GA 30348

RE:  Dispute, Vanderbilt Mortgage

Dear Experian:

I paid this account in full per an agreement with Vanderbilt Mortgage, and Vanderbilt was supposed to take this off my credit report.  Please make them take this off my credit report because I am having a lot of problems getting credit with this on there.

Thank You,


Ance Martin

EXHIBIT H



November 20, 2014

Ance "Chester" Martin
6604 Medford Lane
North Little Rock, AR 72117
Social Security # 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
DOB 5-5-39

Equifax
P.O. Box 740256
Atlanta, GA 30348

RE: Dispute, Vanderbilt Mortgage

Dear Equifax:

I paid this account in full per an agreement with Vanderbilt Mortgage, and Vanderbilt was supposed to take this off my credit report. Please make them take this off my credit report because I am having a lot of problems getting credit with this on there.

Thank You,


Ance Martin



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.48 |
| Certified Fee | | $3.30 |
| Return Receipt Fee (Endorsement Required) | | $2.70 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $6.48 |

Postmark Here

11/25/2014

Sent To _Meredith Wright_

Street, Apt. No.; or PO Box No. _POBox 0807_

City, State, ZIP+4 _Nashville, TN 37802_

PS Form 3800, August 2006              See Reverse for Instructions

EXHIBIT J

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ US POSTA
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Vanderbilt Mortgage
PO Box 9800
Maryville, TN 37800

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7014 0510 0001 6890 5848

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
11/18/14

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Equifax Info Svc, LLC
PO Box 740256
Atlanta, GA 30848

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7014 0510 0001 6890 5817

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

EXHIBIT K

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian
PO Box 4500
Allen, TX 75013

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ⬚ Agent
⬚ Addressee

B. Received by (Printed Name)   EXPERIAN
701 EXPERIAN PARKWAY

C. Date of Delivery
DEC 01 2014

D. Is delivery address different from item 1?   ⬚ Yes
   If YES, enter delivery address below:   ⬚ No

James M. Swanson

3. Service Type
⬚ Certified Mail   ⬚ Express Mail
⬚ Registered   ⬚ Return Receipt for Merchandise
⬚ Insured Mail   ⬚ C.O.D.

4. Restricted Delivery? (Extra Fee)   ⬚ Yes

2. Article Number
(Transfer from service label)   7014 0510 0001 6890 5824

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

EXHIBIT L

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TransUnion Consumer
Solutions
PO Box 2000
Chester, PA 19022-2000

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

TransUnion LLC     DEC 0 8 2014

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)   7014 0510 0002 6890 5831

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

EXHIBIT M

# EQUIFAX

## CREDIT FILE : December 2, 2014
## Confirmation # 4336034945

Dear Ance Chester Martin:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 425-7961 from 9:00am to 5:00pm  Monday-Friday in your time zone.

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Visit us at **www.equifax.com/CreditReportAssistance** or Call us at  866-349-5186.

Thank you for giving Equifax the opportunity to serve you.

### The Results Of Our Reinvestigation

**Credit Account Information**
*(For your security, the last 4 digits of account number(s) have been replaced by *)*
*(This section includes open and closed accounts reported by credit grantors)*

| Account History Status Code Descriptions | 1 : 30-59 Days Past Due 2 : 60-89 Days Past Due 3 : 90-119 Days Past Due 4 : 120-149 Days Past Due | 5 : 150-179 Days Past Due 6 : 180 or More Days Past Due G : Collection Account H : Foreclosure | J : Voluntary Surrender K : Repossession L : Charge Off |
|---|---|---|---|

**>>> We have researched the credit account. Account # - 44* The results are:** This creditor is currently reporting a zero balance for this account. Adverse accounts that have been paid in full will automatically be deleted seven years from the date of last activity. If you have additional questions about this item please contact: ***Vanderbilt Mortgage, 500 Alcoa Trl, Maryville TN 37804-5516 Phone: (423) 970-7200***

**Vanderbilt Mortgage CO., Inc.        500 Alcoa Trl  Maryville TN 37804-5516 : (423) 970-7200**

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 44* | 04/09/1999 | $57,396 | $0 | 25M | Monthly | 99 | Paid | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/31/2014 | $0 | $0 | 08/2011 | $100 | $0 | 10/2011 | | 05/2014 | $0 | | $0 | | |

Status - Repossession; Type of Account - Mortgage; Type of Loan - Manufactured Housing; Whose Account - Individual Account; ADDITIONAL INFORMATION - Account Paid For Less Than Full Balance; Paid Repossession;

| Account History with Status Codes | 09/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 | 11/2010 | 10/2010 | 09/2010 | 08/2010 | 12/2009 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | G | 6 | 6 | G | G | 4 | 3 | 2 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 2 | 1 | 1 | 1 | 1 | 1 |

| | 11/2009 | 10/2009 | 07/2009 | 02/2009 | 01/2009 | 12/2008 | 10/2008 | 08/2008 | 05/2008 |
|---|---|---|---|---|---|---|---|---|---|
| | 1 | 1 | 1 | 1 | 1 | 1 | 2 | 1 | 1 |

( Continued On Next Page )

4336034945APPLADM-001798050-5278-9001-A

EXHIBIT N



### *Notice to Consumers*

You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number.

If the reinvestigation does not resolve your dispute, you have the right to add a statement to your credit file disputing the accuracy or completeness of the information; the statement should be brief and may be limited to not more than one hundred words (two hundred words for Maine residents) explaining the nature of your dispute.

If the reinvestigation results in the deletion of disputed information, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.



File Number: 349454558
Date Issued: 12/11/2014

**-Begin Credit Report-**

TransUnion.

## Personal Information

You have been on our files since 01/01/1985

SSN: XXX-XX-5576

Date of Birth: 05/05/1939

**Names Reported:** ANCE CHESTER MARTIN SR and CHESTER MARTIN

### Addresses Reported:

| Address | Date Reported | Address | Date Reported |
|---|---|---|---|
| 6604 MEDFORD LN, NORTH LITTLE ROCK, AR 72117-3671 | 01/01/1985 | 6604 MEDFORD LN APT 139, NORTH LITTLE ROCK, AR 72117-3671 | 06/18/2007 |

### Telephone Numbers Reported:

(501) 945-1322      (501) 607-2580

### Employment Data Reported:

| Employer Name | Date Verified | Position | Date Hired |
|---|---|---|---|
| PARWAY AUTOMOTIVE | 08/31/2012 | | |
| PARKWAY AUTO | 07/23/2012 | SHUTTLE DRIVER | 07/01/2006 |
| RETIRED | 01/11/2005 | RETIRED | |
| ABF | 03/01/1997 | | |

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

### Rating Key

Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Any rating that is shaded indicates that it is considered adverse. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

## Adverse Accounts

**VANDERBILT MRTGE & FIN** #4436** ( PO BOX 9800, MARYVILLE, TN 37802-9800, (800) 970-7250 )

| | | | |
|---|---|---|---|
| Date Opened: | 04/09/1999 | Balance: | $0 |
| Responsibility: | Individual Account | Date Updated: | 02/29/2012 |
| Account Type: | Installment Account | Payment Received: | $100 |
| Loan Type: | MANUFACTURED HOUSING | High Balance: | $57,396 |
| | | Original Creditor: | OAKWOOD (Financial) |

Pay Status: ›Voluntary Surrender‹
Terms: $0 per month, paid Monthly for 25 months
Date Closed: 02/29/2012
›Maximum Delinquency of 120 days in 11/2011 and in 12/2011‹

**Account Sale Info:** ACCOUNT PURCHASED FROM OAKWOOD
**Remarks:** ACCT INFO DISPUTED BY CONSUMR; ›SETTLED-LESS THAN FULL BLNC‹; VOLUNTARY SURRENDER
Estimated month and year that this item will be removed: 07/2018

| | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | COL | 120 | 120 | 90 | 60 | 30 | OK | OK | OK | 30 | 30 | 30 |

| | 01/2011 | 12/2010 | 11/2010 | 10/2010 | 09/2010 | 08/2010 | 07/2010 | 06/2010 | 05/2010 | 04/2010 | 03/2010 | 02/2010 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 30 | 30 | 30 | 60 | 30 | 30 | 30 | 30 | OK | OK | OK | OK |

| | 01/2010 | 12/2009 | 11/2009 | 10/2009 | 09/2009 | 08/2009 | 07/2009 | 06/2009 | 05/2009 | 04/2009 | 03/2009 | 02/2009 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 30 | 30 | 30 | 30 | OK | OK | OK | OK | OK | OK | OK | OK |

| | 01/2009 | 12/2008 | 11/2008 | 10/2008 | 09/2008 | 08/2008 | 07/2008 | 06/2008 | 05/2008 | 04/2008 | 03/2008 | 02/2008 | 01/2008 | 12/2007 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 30 | 30 | 30 | OK | 60 | OK | 30 | OK | OK | 30 | OK | OK | OK | OK |



**- End of investigation results -**

To view a free copy of your full, updated credit file, go to our website www.transunion.com/fullreport

**-End of Credit Report-**



EXHIBIT O

nnnnnn 02 04 000109 000349P



December 3, 2014

ANCE MARTIN
6604 MEDFORD LN
N LITTLE ROCK, AR 72117-3671

Re: Your ☐ Verbal Statement Made by Telephone  ☒ Written (Includes Fax) Communication
☐ Email on or Received by Vanderbilt on or about 12/1/14 which Disputes or Questions the Accuracy
of Vanderbilt's Credit Reporting Regarding Vanderbilt Loan No. **443663**

Dear Ance:

This is responsive to your communication, which appears to relate to or involve:

1. ☐ a matter as to which Vanderbilt has no open or prior loan account which reflects that you have any form of liability, and as to which Vanderbilt has not and is not reporting to any credit reporting agency.
2. ☐ your identifying information (such as name(s), date of birth, SSN, telephone number(s) or address(es)) in a credit report from one or more credit reporting agencies.
3. ☐ the identity of your past or present employers in a credit report from one or more credit reporting agencies.
4. ☐ your inquiry or request for a credit report from one or more credit reporting agencies.
5. ☐ information in a credit report from one or more credit reporting agencies derived from public records, such as judgments, bankruptcies, liens and other legal matters, and not from Vanderbilt's reporting to the credit reporting agencies.
6. ☐ a request for information related to fraud alerts or active duty alerts generally or such alert(s) reported on a credit report from one or more credit reporting agencies.
7. ☐ information in a credit report of one or more credit reporting agencies which was furnished by a party other than Vanderbilt.
8. ☐ a communication being submitted by, prepared on your behalf by, or is submitted on a form supplied to you by, a credit repair organization.
9. ☐ a communication which does not provide sufficient information to investigate the disputed information, that is, (i) the identity of the loan account, (ii) does not set forth or provide specific information as to what you are disputing and an explanation of the basis for your dispute, and/or (iii) does not provide supporting documentation or information reasonably required by Vanderbilt to confirm the basis on which you are disputing Vanderbilt's reporting.
10. ☒ substantially the same matter as a dispute previously submitted by you (or a person acting for you), either directly to Vanderbilt or to a credit reporting agency, as to which Vanderbilt has previously addressed and responded to.
11. ☐ a matter which does not, in fact, dispute any reporting made by Vanderbilt to any credit reporting agency.
12. ☐ _____.

**Vanderbilt Mortgage and Finance, Inc.**
PO Box 9800, Maryville, TN 37802  •  500 Alcoa Trail, Maryville, TN 37804  •  www.vmf.com
Phone: 865.380.3000  •  Fax: 865.380.3750  •  Toll Free: 800.970.7250  •  Federal Tax ID#: 62-0997810

FACTA—Direct Disputes—Lt. 1 / 06.01.2010



EXHIBIT P

As a consequence, Vanderbilt is either unable to respond to your communication (if item 1, 7, 9 or 11 is marked) or is not required to respond to your communication (if items 2-6, 8 or 10-12 is marked).

If item 2, 3, 4, 5, 6 or 7 has been marked, please contact the relevant credit reporting agency.

If item 9 has been marked, Vanderbilt will address and respond to your communication if you will provide Vanderbilt (to the address above, marked "Attention: Customer Service Dept./Credit Bureau Investigator") the following information or documentation: _____.

Should you have a question in connection with this matter, please let us know. You may contact our Customer Service Department (Credit Bureau Investigator) at **1-800-970-7250**. Our office hours are Monday through Thursday 8:30 A.M. — 8:00 P.M. (ET) and Friday 8:30 A.M. — 5:30 P.M. (ET).

Regards,


Customer Service Department
*"Dedicated to Serving Our Customers!"*

---

**The following notices are required by Federal law:** 1. This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose.   2. To the extent your original obligation was discharged, or subject to an automatic stay under the bankruptcy code, this statement is for informational purposes only and is not an attempt to collect a debt or impose personal liability for a debt.

As a consequence, Vanderbilt is either unable to respond to your communication (if item 1, 7, 9 or 11 is marked) or is not required to respond to your communication (if items 2-6, 8 or 10-12 is marked).

If item 2, 3, 4, 5, 6 or 7 has been marked, please contact the relevant credit reporting agency.

If item 9 has been marked, Vanderbilt will address and respond to your communication if you will provide Vanderbilt (to the address above, marked "Attention: Customer Service Dept./Credit Bureau Investigator") the following information or documentation: _____.

Should you have a question in connection with this matter, please let us know.  You may contact our Customer Service Department (Credit Bureau Investigator) at **1-800-970-7250**.  Our office hours are Monday through Thursday 8:30 A.M. — 8:00 P.M. (ET) and Friday 8:30 A.M. — 5:30 P.M. (ET).

Regards,


Customer Service Department
*"Dedicated to Serving Our Customers!"*

**The following notices are required by Federal law:**  1. This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose.   2. To the extent your original obligation was discharged, or subject to an automatic stay under the bankruptcy code, this statement is for informational purposes only and is not an attempt to collect a debt or impose personal liability for a debt.

EXHIBIT P

 **Mortgage Account**
## Vanderbilt Mortgage

Feb, 2012

| Status as of | Feb, 2012 |
| --- | --- |
| Date opened | Apr, 1999 |
| Date closed | Feb, 2012 |
| Loan type | Manufactured Housing |
| Largest past balance | $57,396 |
| Account Type | Installment Account |
| Account holder | Individual Account |
| Scheduled Payment Amount | $0 |
| Industry | Finance / Personal |

Descriptions

Account information disputed by consumer

Contact Information
500 Alcoa Trail
Maryville, TN 37804
(865) 380-3000

| | Balance | Current Status |
| --- | --- | --- |
| | **$0** | **Voluntary Repossession** |

**Seven year payment history**

| 30 days late | 0 times |
| --- | --- |
| 60 days late | 0 times |
| 90+ days late | 0 times |

**Worst Delinquency**

None Reported

The Worst Delinquency reports the worst missed payment status that has been documented on this account. Your FICO® score evaluates how recently that missed payment occurred and in general, the more recent, the more impact it has on your score. However, the fact that it occurred is still predictive of future payment risk and could be considered by your FICO® score

---

 **Other Account**
## Capital One Financial Co

Nov, 2011

| Status as of | Nov, 2011 |
| --- | --- |
| Date opened | Sep, 2007 |
| Date of last activity | Aug, 2011 |
| Date closed | Nov, 2011 |
| Loan type | Unsecured |
| Largest past balance | $15,000 |
| Account Type | Installment Account |
| Account holder | Joint Account |
| Scheduled Payment Amount | $0 |
| Industry | Banks |

Descriptions

Purchased by another lender

Contact Information
Po Box 30273
Salt Lake City, UT 84103
(800) 926-1000

| | Balance | Current Status |
| --- | --- | --- |
| | **$0** | **Charged off as bad debt** |

**Seven year payment history**

| 30 days late | 0 times |
| --- | --- |
| 60 days late | 0 times |
| 90+ days late | 0 times |

**Worst Delinquency**

None Reported

The Worst Delinquency reports the worst missed payment status that has been documented on this account. Your FICO® score evaluates how recently that missed payment occurred and in general, the more recent, the more impact it has on your score. However, the fact that it occurred is still predictive of future payment risk and could be considered by your FICO® score

---

**Vehicle Loan Account**
## Toyota Motor Credit

Feb, 2015

| Status as of | Feb, 2015 |
| --- | --- |
| Date opened | Aug, 2012 |
| Date of last activity | Feb, 2015 |
| Account number | XXXXXXXXXXXXX0001 |
| Loan type | Automobile |
| Largest past balance | $23,425 |
| Account Type | Installment Account |
| Account holder | Primary Borrower on Account |
| Scheduled Payment Amount | $349 |
| Industry | Credit Unions and Finance Companies |

Contact Information
600 Emerson Rd #31
Creve Coeur, MO 63141

| | Balance | Current Status |
| --- | --- | --- |
| | **$16,272** | **Paid or paying as agreed** |

**Seven year payment history**

| 30 days late | 0 times |
| --- | --- |
| 60 days late | 0 times |
| 90+ days late | 0 times |

**Recent payment history**

| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | | 1 |
| | | | 2013 | | | | | | | | | | | | 2014 | | | | | | | | | 2015 |

**Worst Delinquency**

None Reported

The Worst Delinquency reports the worst missed payment status that has been documented on this account. Your FICO® score evaluates how recently that missed payment occurred and in general, the more recent, the more impact it has on your score. However, the fact that it occurred is still predictive of future payment risk and could be considered by your FICO® score

 EXHIBIT Q



**Vehicle Loan Account**
## Santander Consumer Usa

Feb, 2015

| | Balance | Current Status |
|---|---|---|
| Status as of | Feb, 2015 | |
| | **$11,124** | **Paid or paying as agreed** |

| Status as of | Feb, 2015 |
|---|---|
| Date opened | Aug, 2012 |
| Date of last activity | Feb, 2015 |
| Account number | XXXXXXXXXXXXX1000 |
| Loan type | Automobile |
| Largest past balance | $15,350 |
| Account Type | Installment Account |
| Account holder | Joint Account |
| Scheduled Payment Amount | $352 |
| Industry | Finance / Personal |

**Seven year payment history**

| 30 days late | 0 times |
|---|---|
| 60 days late | 0 times |
| 90+ days late | 0 times |

**Recent payment history**

| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 1 |
| | | 2013 | | | | | | | | | | | 2014 | | | | | | | | | | 2015 |

Contact Information

Po Box 961245
Fort Worth, TX 76161
(866) 923-9282

**Worst Delinquency**

None Reported

The Worst Delinquency reports the worst missed payment status that has been documented on this account. Your FICO® score evaluates how recently that missed payment occurred and in general, the more recent, the more impact it has on your score However, the fact that it occurred is still predictive of future payment risk and could be considered by your FICO® score

---



**Vehicle Loan Account**
## Capital One Auto Finance

Aug, 2012

| | Balance | Current Status |
|---|---|---|
| | **$0** | **Paid or paying as agreed** |

| Status as of | Aug, 2012 |
|---|---|
| Date opened | Aug, 2011 |
| Date of last activity | Aug, 2012 |
| Date closed | Aug, 2012 |
| Account number | XXXXXXXXXXXXX1001 |
| Loan type | Automobile |
| Largest past balance | $9,880 |
| Account Type | Installment Account |
| Account holder | Joint Account |
| Scheduled Payment Amount | $309 |
| Industry | Finance / Personal |

Descriptions
Closed

**Seven year payment history**

| 30 days late | 0 times |
|---|---|
| 60 days late | 0 times |
| 90+ days late | 0 times |

**Recent payment history**

| | | | | | | | | | | | | | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 9 | 10 | 11 | 12 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| | | 2010 | | | | | | 2011 | | | | | | | | | | | | 2012 | | | |

**Legend.**  Not Open   OK Currently paid as agreed

**Worst Delinquency**

None Reported

The Worst Delinquency reports the worst missed payment status that has been documented on this account. Your FICO® score evaluates how recently that missed payment occurred and in general, the more recent, the more impact it has on your score However, the fact that it occurred is still predictive of future payment risk and could be considered by your FICO® score

Contact Information

Credit Bureau Disp
Po Box 259407
Plano, TX 75025
(800) 946-0332

---



**Vehicle Loan Account**
## Us Bank

May, 2011

| | Balance | Current Status |
|---|---|---|
| | **$0** | **Paid or paying as agreed** |

| Status as of | May, 2011 |
|---|---|
| Date opened | May, 2005 |
| Date of last activity | May, 2011 |
| Date closed | May, 2011 |
| Account number | XXXXX0261 |
| Loan type | Automobile |
| Largest past balance | $26,009 |
| Account Type | Installment Account |
| Account holder | Joint Account |
| Scheduled Payment Amount | $428 |
| Industry | Banks |

Descriptions
Closed

**Seven year payment history**

| 30 days late | 0 times |
|---|---|
| 60 days late | 0 times |
| 90+ days late | 0 times |

**Recent payment history**

| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 1 | 2 | 3 | 4 |
| | | 2009 | | | | | | | | | 2010 | | | | | | | | | | 2011 | | |

Contact Information

425 Walnut Street
Cn Wh 15
Cincinnati, OH 45202
(877) 457-3544

**Worst Delinquency**

None Reported

The Worst Delinquency reports the worst missed payment status that has been documented on this account. Your FICO® score evaluates how recently that missed payment occurred and in general, the more recent, the more impact it has on your score However, the fact that it occurred is still predictive of future payment risk and could be considered by your FICO® score



(800) 748-3074
**Address Identification Number:**
0134802756

**Status:** Collection account. $102 past due as of Nov 2009.    **Status Details:** This account is scheduled to continue on record until Jul 2015

| | | |
|---|---|---|
| **Date Opened:**<br>09/2009 | **Type:**<br>Collection | **Credit Limit/Original Amount:**<br>$102 |
| **Reported Since:**<br>11/2009 | **Terms:**<br>1 Months | **High Balance:**<br>NA |
| **Date of Status:**<br>11/2009 | **Monthly Payment:**<br>$0 | **Recent Balance:**<br>$102 as of 11/2009 |
| **Last Reported:**<br>11/2009 | **Responsibility:**<br>Individual | **Recent Payment:**<br>$0 |

**Payment History:**

2009
NOV
 C

**Account History:**
Collection as of Nov 2009

---

**MSCB INCORPORATED**

| **Address:**<br>1410 INDUSTRIAL PARK RD<br>PARIS, TN 38242<br>(800) 748-3074 | **Account Number:**<br>5221360011198743 | **Original Creditor:**<br>ARKANSAS FAMILY CARE NETWORK |
|---|---|---|

**Address Identification Number:**
0134802756

**Status:** Collection account. $114 past due as of Mar 2014.    **Status Details:** This account is scheduled to continue on record until Feb 2020.

| | | |
|---|---|---|
| **Date Opened:**<br>08/2013 | **Type:**<br>Collection | **Credit Limit/Original Amount:**<br>$114 |
| **Reported Since:**<br>09/2013 | **Terms:**<br>1 Months | **High Balance:**<br>NA |
| **Date of Status:**<br>09/2013 | **Monthly Payment:**<br>$0 | **Recent Balance:**<br>$114 as of 03/2014 |
| **Last Reported:**<br>03/2014 | **Responsibility:**<br>Individual | **Recent Payment:**<br>$0 |

**Payment History:**

| 2014 | | | 2013 | | | |
|---|---|---|---|---|---|---|
| MAR | FEB | JAN | DEC | NOV | OCT | SEP |
| C | ND | ND | ND | ND | ND | C |

**Account History:**
Collection as of Mar 2014, Sep 2013

---

**VANDERBILT MORTGAGE**

| **Address:**<br>500 ALCOA TRL<br>MARYVILLE, TN 37804<br>*No phone number available* | **Account Number:**<br>44.... |
|---|---|

**Address Identification Number:**
0134802756

**Status:** Paid in settlement.    **Status Details:** This account is scheduled to continue on record until Jul 2018.

| | | |
|---|---|---|
| **Date Opened:**<br>04/1999 | **Type:**<br>Mobile Home | **Credit Limit/Original Amount:**<br>$57,396 |
| **Reported Since:**<br>04/2004 | **Terms:**<br>25 Months | **High Balance:**<br>NA |

EXHIBIT R

## Accounts

Lenders frequently report details about your credit accounts to the credit bureaus  These details typically include the type of account, when you open it, your monthly balance, if and when you missed a payment and the accounts status when you closed it

Your FICO® score takes into account the open *and* closed accounts in your credit report  Click "Details" to find out more information

### Accounts

| Company | Account number | Date opened | Balance | Status | Negative Indicator? |
|---------|----------------|-------------|---------|--------|---------------------|
| Syncb/Lowes | | 6/2003 | $1,113 | Paid or paying as agreed | No |
| Syncb/Belk | | 4/2008 | $654 | Paid or paying as agreed | No |
| Wells Fargo Na/Dillards | | 9/1998 | $288 | Paid or paying as agreed | No |
| Syncb/Carcareone | | 12/2014 | $193 | Paid or paying as agreed | No |
| Sears/Cbna | | 11/1984 | $106 | Paid or paying as agreed | No |
| Wffnb/Home Projects | | 10/2014 | $8,694 | Paid or paying as agreed | No |
| Capital One | | 12/2000 | $6,234 | Paid or paying as agreed | No |
| Discover Financial Servi | | 5/2003 | $3,000 | Paid or paying as agreed | No |
| Capital One National Ass | | 7/2009 | $0 | Paid or paying as agreed | No |
| Capital One Bank Usa Na | | 12/2004 | $0 | Paid or paying as agreed | No |
| Chase Bank Usa Na | | 10/2005 | $0 | Paid or paying as agreed | No |
| Chase | XXXXXXXXX2075 | 2/2002 | $11,546 | Paid or paying as agreed | No |
| Vanderbilt Mortgage | | 4/1999 | $0 | Voluntary Repossession | No |
| Capital One Financial Co | | 9/2007 | $0 | Charged off as bad debt | 🏳 |
| Toyota Motor Credit | XXXXXXXXXXXXX0001 | 8/2012 | $16,272 | Paid or paying as agreed | No |
| Santander Consumer Usa | XXXXXXXXXXXX1000 | 8/2012 | $11,124 | Paid or paying as agreed | No |
| Capital One Auto Finance | XXXXXXXXXXXXX1001 | 8/2011 | $0 | Paid or paying as agreed | No |
| Us Bank | XXXXX0261 | 5/2005 | $0 | Paid or paying as agreed | No |
| Us Bank | XXXXX2606 | 1/2005 | $0 | Paid or paying as agreed | No |
| Ford Motor Credit | | 11/1999 | Not Reported | Paid or paying as agreed | No |
| Td Auto Finance | XXXXXX2223 | 4/2002 | $0 | Paid or paying as agreed | No |



EXHIBIT S

## Credit At-A-Glance

Now let's look at your credit report. Your credit report contains the information that a credit bureau keeps on file about you. This is the information used to determine your FICO® score. Three credit bureaus in the United States keep information on you – Equifax, Experian and TransUnion – so you have a total of three credit reports and three FICO® scores.

On the next several pages we'll look at your credit report from TransUnion.

### Personal information

| | |
|---|---|
| Name | Ance Chester Martin Sr |
| Former Names | Martin, Chester |
| Date of Birth | May 5, 1939 |
| Social Security Number | XXX-XX-5576 |
| Current Address | 6604 Medford Ln<br>North Little Rock AR, 72117<br>Reported on Jan 1, 1985 |
| Employers | Parway Automotive<br>Reported on Sep 5, 2012<br><br>Parkway Auto<br>Reported on Jul 23, 2012 |

### Your credit report has a "fraud flag"

Most likely, this is because you contacted TransUnion with a suspicion that your credit report was being used fraudulently. When a credit report has a fraud flag, lenders follow extra precautions when granting credit based on the information in that credit report.

### Credit At-A-Glance

| Total past due | Credit history | Accounts with negative indicators |
|---|---|---|
| **No amounts past due** | **30 Years** | 1 🏴 |

| Total balance of | |
|---|---|
| Your revolving and open-ended accounts | $20,282 |
| Your mortgages | $11,546 |
| Your installment loans | $27,396 |

| Total number of | |
|---|---|
| Accounts | 21 |
| Accounts with balances | 11 |
| Accounts opened in past year | 2 |
| Recent inquiries | 8 |
| Collections | 8 🏴 |
| Public Records | 0 |
| Authorized User Accounts | 5 |

🏴 = Marks an aspect of your credit that is hurting your FICO® score

### Statements

DO NOT CONFUSE WITH CONSUMERS OF SIMILAR IDENTIFICATION, VERIFY ALL IDENTIFYING INFORMATION